UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
                               )   Case No. 12-CV-7691
                               )
        v.                     )
                               )   Judge John W. Darrah
MOSHOOD TUNDE SERIKI,          )
                               )
        Petitioner.            )

## MEMORANDUM OPINION AND ORDER

Petitioner Moshood Seriki, proceeding *pro se,* filed a motion for relief pursuant to

28 U.S.C. § 2255.  For the reasons provided below, his motion is denied.

## BACKGROUND

On August 29, 2002, Petitioner pled guilty to three counts of distribution of

heroin and possession with intent to distribute heroin, in violation of 21 U.S.C.

§§ 841(a)(1) and 846.  *See United States v. Seriki,* Case No. 01 CR 815, Dkt. No. 88.  On

February 12, 2003, he was sentenced to 235 months in prison.  (Gov't's Resp. at 1.)

After his initial sentencing in 2003, Petitioner cooperated with law enforcement

authorities and, on March 1, 2005, Petitioner's sentence was reduced to 188 months,

pursuant to the Government's Fed. R. Crim. P. 35 Motion.  (*Id.*)  Since this reduction in

his sentence, Petitioner has filed additional letters and motions, requesting various

sentence reductions under Rule 35.  (*Id.* at 2.)  In one such instance, on August 9, 2010,

Petitioner filed a Writ of Mandamus, seeking to compel the Government to move for a

Rule 35 reduction in sentence, and the Writ of Mandamus was denied.  *United States v.*

*Seriki*, Case No. 01 CR 815, Dkt. Nos. 209-210.  Petitioner appealed that denial, and on

August 2, 2011, the Seventh Circuit dismissed the appeal as untimely.  (Govt's Resp. at

2.)

On September 24, 2012, Petitioner filed this motion for relief from his sentence pursuant to 28 U.S.C. § 2255. (Pet'r's Mem. at 1.) Petitioner alleges he had ineffective counsel at his 2003 sentencing, because he was not informed of certain consequences of pleading guilty, including the possibility of deportation upon the conclusion of his sentence. (Pet'r's Mem. at 1.) Petitioner further alleges his attorney caused him to sign away his constitutional rights under "false pretenses and misleading advice." (Pet'r's Mem. at 3.) According to Petitioner, his plea also led to other unintended consequences, including impacting his family life, his relative security level in prison, his education, his placement in work camps, and his participation in a drug rehabilitation program. (Pet'r's Mem. at 3.)

In his motion, Petitioner refers to a memorandum issued on January 31, 2012, to the United States Attorneys by the Department of Justice. (Pet'r's Mem. at 10.) The memo to which Petitioner refers addresses the use of "Fast Track" programs regarding criminal immigration cases. *See* Memorandum from James M. Cole, Deputy Attorney General on Department Policy on Early Disposition or "Fast-Track" Programs (Jan. 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf. Petitioner asserts the new Fast Track rules must be retroactively applied to his case. (Pet'r's Mem. at 16.)

The Government filed a response to this petition on January 7, 2013, arguing the petition was untimely based on the one-year limitation on filing such a petition, as provided for in 28 U.S.C. § 2255(f). (Govt.'s Resp. at 2.) The Government further explains that the Fast Track Program does not apply to Petitioner in this case because the Petitioner committed drug offenses, not immigration offenses. (Govt.'s Resp. at 2-3.)

In reply, Petitioner argues the time bar should be applied beginning at the date of

publication of *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010) (*Padilla*), in

accordance with 28 U.S.C. § 2255(f)(3), because the *Padilla* decision created a new right

for criminal defendants. (Pet'r's Reply at 2.) Petitioner further contends in his reply that

his defense counsel was also ineffective because she failed to attempt to incorporate the

Fast Track Program into plea bargain negotiations. (Pet'r's Reply at 3.) Lastly,

Petitioner argues the Fast Track Program is applicable to him, as a non-immigration

offender, simply because he is subject to deportation as part of his sentence. (Pet'r's

Reply at 7.)

## LEGAL STANDARD

### Section 2255 and Equitable Tolling

Petitions for relief from sentences are governed by 28 U.S.C. § 2255. Section

2255 provides:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral attack, may move the court
> which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). This relief is available only if there was "an error of law

that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently

results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263

(7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). In

considering a Section 2255, the district court must review the record and draw all

reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d

924, 928 (7th Cir. 1992). However, Petitioner filed his petition *pro se*; therefore, his petition is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Section 2255 petitions must be filed within one year of the latest of the following events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the government impediment, preventing the movant from making the motion, is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which facts, supporting the claim, could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A statute of limitations may be equitably tolled in a Section 2255 petition. However, such tolling is rare; equitable tolling may apply when "extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *Poe v. United States,* 468 F.3d 473, 477 (7th Cir. 2006) (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000)). The Seventh Circuit has "yet to identify a factual circumstance so extraordinary that it warrants equitable tolling." *Johnson v. Chandler*, 224 F. App'x 515, 519 (7th Cir. 2007). A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). While a petitioner need not demonstrate he exercised "maximum feasible diligence" in pursuing his rights, he must at least show he acted with "reasonable diligence." *Holland v. Florida,* 130 S. Ct. 2549, 2565 (2010).

## ANALYSIS

Petitioner's Section 2255 Motion was filed beyond the one-year limitation contemplated by Section 2255(f). A writ of *habeas corpus* must be filed within one year of a judgment being final. 28 U.S.C. § 2255(f)(1). The original sentence with which

Petitioner takes issue became final on February 12, 2003, nearly ten years before

Petitioner filed his Section 2255 petition. The statute of limitations established by 28

U.S.C. §§ 2255(f)(2) and (4) are inapplicable, as there was no impediment removed by

the Government, nor any reason Petitioner could not have identified his claims through

due diligence.

Petitioner appears to rely upon 28 U.S.C. § 2255(f)(3), which provides that a

Section 2255 motion may be filed within one year after "the right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable." 28 U.S.C. § 2255(f)(3). In support

of this argument, Petitioner asserts that the Supreme Court's decision in *Padilla*

establishes a basis for his relief. The Supreme Court held in *Padilla* that "counsel must

inform her client whether his plea carries a risk of deportation." *Padilla*, 559 U.S. at

1486. The Supreme Court issued the *Padilla* opinion on March 31, 2010. In determining

the time bar under Section 2255(f)(3), the Supreme Court provides: "[w]hat Congress

has said in [Section 2255(f)](3) is clear: An applicant has one year from the date on

which the right he asserts was initially recognized by this Court." *Dodd v. United States*,

545 U.S. 353, 357 (2005). Petitioner's Section 2255 Motion was filed approximately

thirty-one months after the publication of the *Padilla* decision, nineteen months later than

the date on which his Motion would have been deemed timely under Section 2255(f)(3).

Additionally, while the *Padilla* ruling seems to apply to the alleged facts of the

Petitioner's case, it is not even clear that the right has been made retroactively applicable

to cases on collateral review, as required by Section 2255(f)(3). Furthermore, this issue

need not be addressed, as *Dodd* requires a petition based on *Padilla* to be filed within one

year of the decision, pursuant to Section 2255(f)(3), regardless of *Padilla's* retroactive applicability.

Moreover, Petitioner has not laid out any factual basis for implementing equitable tolling. Petitioner provides no evidence or allegations of any obstacles or extraordinary circumstances that prevented him to file a timely motion. Also, the record contains no evidence that Petitioner contacted the Court, the Clerk of the Court, his friends or relatives to assist him in pursuing a timely Section 2255 motion.

Because Petitioner's Motion comes far beyond the one-year limitation and because there were no obstacles or extraordinary circumstances preventing Petitioner from filing a timely motion, Petitioner did not pursue his rights with reasonable diligence, and equitable tolling of the one-year limitation is not available.

*Fast Track Program*

In 2003, Congress granted the Attorney General the sole authority to create and implement fast-track programs. *See* Pub.L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003). These fast-track programs authorize the government to *permissively* reduce sentencing. *Id.* In 2012, the Deputy Attorney General issued a memorandum containing revised guidelines for implementing Fast Track sentencing, such that the program could be used regardless of state or geography, promoting uniformity of the program's use. *See* Memorandum from James M. Cole, Deputy Attorney General on Department Policy on Early Disposition or "Fast-Track" Programs (Jan. 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf.

The Government argues the Fast Track program is inapplicable to this case because this case involves drug offenses, not immigration offenses. Petitioner contends

that because his offense is deportable, the Fast Track Program could apply to his offenses and has been applied to other non-immigration cases. Nevertheless, the Fast Track Program is inapplicable to this Section 2255 Petition. The existence of the Fast Track program does not have any bearing on whether the Petitioner's sentence was "in violation of the Constitution or laws of the United States," as required by Section 2255. The Fast Track program is a *permissive* program, and the Government may choose whether or not it makes use of the program. There is no violation of law or the Constitution because the Fast Track program does not compel the Government to act.

### CONCLUSION

For the foregoing reasons, Petitioner Moshood Seriki's Motion under 28 U.S.C. § 2255 is denied.

Date:  March 28, 2013

_____
JOHN W. DARRAH
United States District Court Judge